Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| YELITZA GONZÁLEZ CRESPO<br><br>Apelada<br><br>v.<br><br>HÉCTOR O. GONZÁLEZ RAMOS, ET AL<br><br>Apelante | KLAN202300173 | Apelación Procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Civil Núm.:<br>C DP2014-0200<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Birriel Cardona, el Juez Bonilla Ortiz y el Juez Pagán Ocasio.

Pagán Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2023.

### I.

El 1 de marzo de 2023, el señor Héctor O. González Ramos (señor González Ramos o el apelante) presentó una *Apelación Civil* en la que solicitó que revoquemos la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI), el 30 de enero de 2023.[1] Mediante el referido dictamen, el TPI declaró "Ha Lugar" la demanda y, en consecuencia, condenó al apelante al pago de $250,000.00 por daños. Además, le impuso $8,000.00 de honorarios de abogado por temeridad.

En atención a la apelación, el 6 de marzo de 2023, emitimos una *Resolución* en la que autorizamos al apelante a utilizar la transcripción, como método de reproducción de la prueba oral, y establecimos el procedimiento que las partes debían seguir para lograr el perfeccionamiento del recurso.

---

[1] Notificada a las partes el 31 de enero de 2023. Apéndice de la apelación, anejo 6.

Luego de concederle una prórroga, el 28 de abril de 2023, el señor González Ramos presentó una *Moción en Cumplimiento de Orden*, junto a la cual sometió la transcripción de la prueba oral (TPO), que alegó fue estipulada por ambas partes.

El 2 de mayo de 2023, emitimos una *Resolución* en la que acogimos la TPO y concedimos al apelante un término de treinta (30) días, a partir de la notificación de la *Resolución*, para presentar su alegato suplementario. En ese mismo término, la señora Yelitza González Crespo (señora González Crespo o la apelada) debía presentar su alegato en oposición. Asimismo, resolvimos que, si el apelante presentaba el alegato suplementario, la apelada tendría treinta (30) días, a partir de la fecha de la radicación de dicho alegato, para presentar un alegato en réplica.

El 25 de mayo de 2023, el apelante presentó su *Alegato Suplementario*, en el cual aludió a las porciones de la TPO atinentes a los errores que planteó.

El 30 de mayo de 2023, emitimos una *Resolución* en la que reiteramos el término que tenía la apelada para presentar su alegato en oposición.

A pesar de los términos concedidos, la señora González Crespo no compareció por escrito ante este foro *ad quem*. Por lo que, tenemos el recurso por perfeccionado y pormenorizaremos los hechos atinentes a la apelación sin el beneficio de su comparecencia.

**II.**

El caso se marras tuvo su génesis en una *Demanda* sobre daños y perjuicios incoada el 15 de octubre de 2014 por la señora González Crespo contra el apelante y la señora Lydia Ramos (madre del apelante).[2] En la misma, la apelada alegó que fue víctima de

---

[2] Íd., anejo 1.

maltrato físico y emocional por parte del señor González Ramos y la señora Ramos.

El 27 de febrero de 2015, el señor González Ramos presentó su *Contestación a la Demanda*, en la que esencialmente negó las alegaciones de la *Demanda*.[3]

Luego de varios trámites procesales, el 1 de febrero de 2018 inició el juicio. La prueba testifical de la apelada consistió en su testimonio. Además, las partes estipularon treinta y un (31) documentos, los cuales fueron admitidos en evidencia. Desfilada la prueba, el apelante presentó una solicitud de *non suit*. El 8 de febrero de 2018, el TPI declaró "Ha Lugar" dicha solicitud y, en consecuencia, emitió una *Sentencia* mediante la cual desestimó la *Demanda*. El foro *a quo* resolvió:

> [...] este Tribunal al aquilatar el testimonio de la demandante aprecia múltiples grados de inconsistencia y preguntas sin contestar sobre oportunidad o no de solicitar asistencia y comportamiento de aprehensión o falta de aprehensión posterior a los actos descritos; y por ende, el Tribunal declara Con Lugar la Moción de Desestimación conforme a la Regla 39.2 (C) de Procedimiento Civil.

En desacuerdo, el 26 de febrero de 2018, la señora González Crespo presentó una *Moción en Solicitud de Determinaciones de Hechos Adicionales y de Reconsideración*, en la que solicitó al TPI que realizara determinaciones de hechos adicionales, reconsiderara la *Sentencia* y señalara la continuación de los procedimientos.[4] El 27 de marzo de 2018, el TPI emitió una *Resolución* en la que declaró "No Ha Lugar" la solicitud de la apelada. Resolvió que:

> [...] expusimos argumento por escrito, que no requiere más determinación de hechos más allá de lo especificado en un caso sometido única y exclusivamente con el testimonio

---

[3] Íd., anejo 2. La señora Lydia Ramos presentó su contestación a la *Demanda* el 26 de noviembre de 2014. No obstante, el 18 de diciembre de 2014, presentó una *Solicitud de Sentencia Sumaria*, en la que adujo que los hechos no habían ocurrido según alegados y que no tenía un deber jurídico de actuar para evitar cualquiera de los actos alegados. El 18 de febrero de 2015, la apelada presentó *Oposición Preliminar a Sentencia Sumaria* y una Declaración Jurada, en la que controvertía las alegaciones de la señora Ramos. El TPI declaró "Ha Lugar" la *Solicitud de Sentencia Sumaria* y resolvió que la señora Ramos no era responsable por los daños y perjuicios que sufrió la apelada, toda vez que no existía un deber jurídico que le obligara a actuar. Por lo que, el TPI desestimó *Demanda* contra la señora Ramos.

[4] Apéndice de la apelación, anejo 4.

de la parte a la cual el Tribunal no le dio credibilidad y nos reiteramos que jurídicamente tampoco se pueden tomar como hechos constitutivos el contenido de los exhibits por las razones expuestas en nuestra sentencia. [...]

No conforme, la señora González Crespo presentó una *Apelación* ante este Tribunal, a la cual le asignaron el alfanumérico KLAN201800332. Un panel hermano emitió *Sentencia* el 28 de octubre de 2019. Contrario a lo resuelto por el TPI, este Tribunal resolvió que la sentencia, dictada en el caso criminal contra el apelante, así como las razones por las cuales aceptó su culpa, debían ser parte del análisis del TPI para determinar si éste incurrió en la culpa o negligencia necesaria para que prosperara la causa de acción presentada por la apelada. Concluyó que el TPI debió denegar la solicitud de *non suit* y permitir al apelante presentar prueba que pudiera rebatir, bajo el *quantum* de preponderancia de prueba, el testimonio de la apelada y los documentos estipulados y admitidos en evidencia sobre el caso criminal. Por lo que, revocó la *Sentencia* del 8 de febrero de 2018 y devolvió el caso al TPI para la continuación de los procedimientos.

Una vez recibido el mandato, el TPI señaló la continuación del juicio para el 12 de diciembre de 2022. En dicha vista, el apelante informó que no presentaría prueba. Por lo que, el caso quedó sometido con la prueba estipulada por las partes y el testimonio de la apelada.

El 30 de enero de 2023, el TPI emitió la sentencia apelada, en la cual consignó treinta y ocho (38) determinaciones de hechos. El foro *a quo* resolvió que el testimonio de la apelada le mereció credibilidad, unido a la prueba documental estipulada y a la admisión de culpabilidad del apelante en el proceso penal. Por lo que, declaró "con lugar" la *Demanda* y condenó al apelante al pago de $250,000.00 por daños y le impuso $8,000.00 de honorarios de abogado por temeridad.

Inconforme, el señor González Ramos acudió ante nos e imputó al TPI los siguientes errores:

Primer error:
Erró el Tribunal de Primera Instancia al emitir una sentencia distinta a la previamente emitida, declarando Ha Lugar la solicitud de *non suit*, con fundamentos distintos utilizando la misma prueba, constituyendo este proceder un abuso de discreción que va en contra del ordenamiento jurídico establecido por el Honorable Tribunal Supremo.

Segundo error:
Erró el Tribunal de Primera Instancia al conceder una cuantía por daños excesiva y exagerada contra el demandado.

Tercer error: Erró el Tribunal de Primera Instancia al imponer al demandado honorarios de abogado por concepto de temeridad.

En vista de los errores imputados al TPI, pormenorizaremos las normas jurídicas aplicables.

**III.**

**A.**

Una sentencia explicada y fundamentada, facilita la función revisora del foro apelativo, al presentarle el cuadro fáctico claro que nutrió la conciencia judicial del juzgador. El Tribunal Supremo ha resuelto que:

*Una sentencia bien explicada (tanto en sus hechos como en sus fundamentos de derecho) tiende a reducir el riesgo de arbitrariedad judicial, evita la sensación de elemento misterioso, obliga al juez a penetrar en un proceso reflexivo de inteligencia y promueve un mejor entendimiento y respeto hacia los tribunales. También ayuda a los abogados y las partes afectadas a entender el por qué de la decisión. Así, éstos pueden, mejor informados, decidir si revisan o la aceptan. La experiencia nos enseña que, dentro de ciertos límites, puede discreparse de una apreciación fáctica o que hay espacio para una interpretación jurídica distinta, lo importante es evitar que prevalezcan dictámenes judiciales caprichosos faltos de fundamentos o hijos de la irreflexión. **Más allá de esa instancia, una sentencia explicada y fundamentada facilita la función revisora del foro apelativo al presentarle el cuadro claro que nutrió la conciencia judicial del juzgador...** Finalmente, promueve la uniformidad, pues la formulación de razones y fundamentos estimula que en la dinámica decisoria los jueces utilicemos criterios análogos para situaciones similares o sustancialmente parecidas.* (Énfasis nuestro). ***Andino v. Topeka, Inc.,*** 142 DPR 933, 938-939. (1997).

**B.**

La imposición de honorarios de abogado por temeridad está regulada por la Regla 44.1 (d) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1 (d). La misma establece que: "En caso de que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta".

La conducta que amerita la imposición de honorarios de abogado por temeridad es aquella que haga necesario un pleito que se pudo evitar o que ocasione gestiones evitables. El propósito de la imposición de honorarios de abogado en casos de temeridad es establecer una penalidad a un litigante perdidoso que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte a innecesariamente asumir las molestias, gastos, trabajos e inconvenientes de un pleito. *Andamios de Puerto Rico, Inc. v. Newport Bonding*, 179 DPR 503, 519-520 (2010); *Blas v. Hosp. Guadalupe*, 146 DPR 267, 334 (1998); *Fernández v. San Juan Cement Co., Inc.*, 118 DPR 713, 718 (1987).

Las instancias, en las que el Tribunal Supremo de Puerto Rico ha reconocido que una parte actúa de forma temeraria, se constituyen cuando: (1) contesta la demanda y niega responsabilidad total pero posteriormente la acepta, (2) se defiende injustificadamente de la acción, (3) cree que la cantidad reclamada es exagerada y es la única razón que tiene para oponerse a las peticiones del demandante, y no admite su responsabilidad pudiendo limitar la controversia a la fijación de la cuantía a ser concedida, (4) se arriesga a litigar un caso del que se desprende *prima facie* su responsabilidad, y (5) niega un hecho que le consta es cierto a quien hace la alegación. *COPR v. SPU,* 181 DPR 299, 342

(2011); ***Blas v. Hosp. Guadalupe***, *supra*, pág. 335; ***Fernández v. San Juan Cement Co., Inc.***, *supra*, pág. 719. La imposición de honorarios de abogado por temeridad es una facultad discrecional del tribunal que no será variada, a menos que la misma constituya un abuso de discreción. ***Maderas Tratadas v. Sun Alliance et al.***, supra, pág. 926; ***Andamios de Puerto Rico, Inc. v. Newport Bonding***, supra, pág. 520.

## IV.

En el caso de marras, el señor González Ramos imputó al TPI tres errores. En síntesis, planteó que el TPI erró al emitir una sentencia distinta a la que previamente dictó, a pesar de que la prueba que consideró fue la misma. Además, señaló que la cuantía por daños era excesiva y exagerada y que incidió al imponerle honorarios de abogado por temeridad.

Tras un análisis objetivo, sereno y cuidadoso de la sentencia apelada y del expediente del caso, resolvemos que el TPI no nos condicionó para evaluar si procedía declarar "Ha Lugar" la *Demanda* y dictar sentencia a esos efectos. El dictamen apelado **carece de la aplicación del derecho a los hechos que condujo al TPI a conceder la cuantía de $250,000.00 por daños**, la cual debe estar basada en la prueba admitida en evidencia y la jurisprudencia aplicable. Adviértase que en el presente caso no se presentó prueba pericial sobre los daños que sufrió la apelada. Por otro lado, el TPI no expresó la conducta del apelante que ameritó la imposición de honorarios de abogado por temeridad y justificaba la cuantía impuesta. A su vez, **no surge un análisis jurídico que fundamente las cuantías impuestas**, ni como se justipreció la evidencia desfilada para llegar a dichas cuantías.

Así, para que este Tribunal pueda ejercer su función revisora de forma adecuada, procede ordenar que el TPI cumpla con los requisitos exigidos al momento de dictar una sentencia. Debe emitir

una sentencia en la que se analice y se explique la aplicación del derecho a los hechos. Además, se debe analizar el método utilizado para imponer la suma que determinó como daños. Por lo tanto, revocamos la determinación apelada del foro *a quo* y devolvemos el caso para que resuelva conforme a lo establecido en esta *Sentencia*. Solo así este Tribunal podrá, en su momento, decidir con un mejor entendimiento del *ratio decidendi* del TPI.

**V.**

Por los fundamentos expuestos, se *revoca* la *Sentencia* apelada. Se devuelve el caso al TPI para que emita el dictamen correspondiente a tenor con lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones